IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DELMAS L. DENNIS,                                                              PETITIONER
Reg #15914-075

v.                                          2:17CV00061-BSM-JJV

GENE BEASLEY, Warden,
Federal Prison Camp                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence which supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Delmas Dennis's Petition for Writ of Habeas Corpus (Doc. No. 1) and Supplement to Petition (Doc. No. 2) seeking relief pursuant to 28 U.S.C. § 2241. Petitioner is a minimum security camp inmate at the Bureau of Prisons (BOP) Federal Correctional Institution (FCI) Forrest City Low.

**I.   BACKGROUND**

Although his Petition is not clear, a review of the accompanying documents reveals Mr. Dennis has approximately one year left to serve on a sentence he has been serving since October 2000. (Doc. No. 1 at 19, 21.) Pursuant to the Second Chance Act, 18 U.S.C. § 3624, he seeks immediate placement to "6-months of Residential Re-Entry Center

2

placement and 6-months of Home Confinement." (*Id.* at 22.)

## II.   ANALYSIS

The BOP is authorized - by statute - to designate where federal inmates are imprisoned, which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP]. . . that the [BOP] determines to be appropriate and suitable. . ." 18 U.S.C. § 3621(b).  This statute requires the BOP to consider 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) statements and recommendations from the sentencing court; and 5) any pertinent policy statements issued by the United States Sentencing Commission.  *Id.*

Neither the statute nor case law entitles a prisoner to RRC placement.  Title 18 U.S.C. § 3624 "only obligates the BOP to facilitate the prisoner's transition from the prison system." *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir. 2004).  The BOP is only required to individually consider a prisoner pursuant to the statutory factors set forth in § 3621(b) and to consider requests for RRC placement in "good faith." *Miller v. Whitehead,* 527 F.3d 752, 757-758 (8th Cir. 2008).

Here, Petitioner has provided no facts to support an allegation of bad faith on the part of BOP personnel.  I do note some confusion with regard to a meeting that took place between Mr. Dennis and prison officials.  Warden Beasley provided a letter to Plaintiff's wife stating, "A review indicates Mr. Dennis along with his unit team conducted the required review according to the Second Chance Act and he elected to be submitted for 6-months of

3

Residential Re-Entry Center placement." (Doc. No. 1 at 22.) Mr. Dennis says, "I can state categorically that I NEVER agreed to 6-months of Residential Re-Entry Center Placement. My goal and intent all along has been to try to secure as much 'transitional' time as was available to me." (*Id.* at 23.) But Mr. Dennis also says he met with his case manager and she "stated that she would recommend that I be considered for 151-180 Halfway House. I mentioned the 2nd Chance Act and the possibility of getting 270-365 days Halfway House/Home Confinement. My request fell on deaf ears." (*Id.*) Giving Petitioner all benefit of the doubt, nothing in Mr. Dennis's Petition hints at BOP officials acting in "bad faith." And recommending six months in a Residential Re-Entry Center was within their discretion.

Moreover, Mr. Dennis's constitutional rights have not been violated. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 228 (1976). Where Congress has given federal prison officials full discretion to control matters of housing, classification, and eligibility for rehabilitative programming, a federal prisoner can have no legitimate statutory or constitutional entitlement sufficient to invoke due process. *Moody v. Daggett,* 429 U.S. 78, 88 (1976). Accordingly, I find neither a statutory nor constitutional violation, so the Petition should be denied.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition and Supplement to Petition for Writ of Habeas Corpus (Doc. Nos.

4

1, 2)  be DISMISSED with prejudice.

DATED this 18th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE